UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN LAWYERS MUTUAL<br>INSURANCE COMPANY<br>725 Heartland Trail, Suite 300<br>Madison, WI 53717<br><br>and<br><br>ESTREEN & OGLAND<br>304 Locust Street<br>Hudson, WI 54016<br><br>a/s/o<br><br>ANDRES SANDHOLM<br>2012 Stonepine Ave.<br>Hudson, WI 54016<br><br>          Plaintiffs,<br><br>vs.<br><br>BELL BANK, *a foreign corporation*<br>3100 13th Avenue, South<br>Fargo, North Dakota 58103<br><br>and<br><br>LEGACY TITLE GROUP, LLC,<br>*a foreign corporation*<br>8519 Eagle Point Blvd., Suite 105<br>Lake Elmo, MN 55042 | Case No: |

**COMPLAINT AGAINST BELL BANK AND LEGACY TITLE GROUP, LLC**

NOW COME Plaintiffs, Wisconsin Lawyers' Mutual Insurance Company and Estreen & Ogland, as subrogees for Andres Sandholm, by their attorneys, von Briesen & Roper, s.c., and as and for their claims for negligence, violation of the Uniform Commercial Code ("UCC"), aiding

and abetting a breach of fiduciary duty, and contribution and/or indemnity against Defendants Bell Bank and Legacy Title Group, LLC, allege and show to the Court as follows:

**PARTIES**

1. Plaintiff Wisconsin Lawyers Mutual Insurance Company ("WILMIC") is a Wisconsin corporate with its principle place of business located at 725 Heartland Trail, Suite 300, Madison, WI 53717. WILMIC is subrogated to the rights of Mr. Andres Sandholm by virtue of an agreement between the parties dated May 10, 2023.

2. Plaintiff Estreen & Ogland ("E&O") is a Wisconsin service corporation with its principle place of business located at 304 Locust Street in Hudson, WI 54016. E&O is subrogated to the rights of Mr. Andres Sandholm by virtue of an agreement between the parties dated May 10, 2023, and by virtue of common law.

3. Defendant Bell Bank is a North Dakota corporation with its principal place of business located at 3216 13th Avenue South in Fargo, North Dakota, 58103, and whose registered agent for service of process is C T Corporation System, 301 South Bedford St. Suite 1, Madison, WI 53703.

4. Defendant Legacy Title Group, LLC is a Minnesota limited liability corporation with its principle place of business located at 8519 Eagle Point Boulevard, Suite 105, in Lake Elmo, Minnesota 55042, and whose registered agent for service of process is Resident Agents, Inc., 2800 East Enterprise Ave., Suite 333, Appleton, WI 54913.

5. Upon information and belief, Legacy Title Group, LLC ("Legacy Title") is owned by Ms. Connie Rose Clancy, who is an adult resident and citizen of the State of Minnesota.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because plaintiffs and defendants are citizens of different states, are completely diverse, and the amount in controversy exceeds $75,000 exclusive of interest, costs, and attorneys' fees.

7. Defendants' negligence and breaches of its obligations and other actions took place in Hudson, St. Croix County, Wisconsin. Accordingly, venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

8. Plaintiff E&O was originally retained to serve as closing agent for First State Bank and Trust, which made a purchase money loan in the sale of real estate by Anders Sandholm to David Juedes that closed on October 29, 2021.

9. The property address related to the closing was located at 2012 Stonepine Avenue in Hudson, Wisconsin 54017 ("subject property").

10. Plaintiff WILMIC issued a Lawyers' Professional Liability Insurance Policy to E&O for the period of time relevant to this claim, July 1, 2021 through July 1, 2022.

11. Mr. Sandholm as seller and David Juedes as buyer engaged and appointed defendant Legacy Title to serve as their joint escrowee and closing agent.

12. For purposes of the closing, an outstanding mortgage held on the subject property by defendant Bell Bank was required to be paid in full.

13. On October 13, 2021, Legacy Title, as the seller's agent, sent an email to Bell Bank's Mortgage Loan Payoff Department requesting a Mortgage Loan Payoff Letter as of November 3, 2021. A redacted copy of that email is attached hereto as Exhibit A.

14. In that October 13, 2021, correspondence between Legacy Title and Bell Bank, Legacy Title acknowledged "it had been retained to conduct the closing on the subject property on October 29, 2021," and requested a "prompt response" to its request.

15. Also included in the October 13, 2021, correspondence from Legacy Title to Bell Bank was a "Payoff Authorization Form" ("Payoff Authorization Appointment") signed by Mr. Sandholm explicitly and solely authorizing Legacy Title to act as his agent in obtaining documentation and loan information with regards to the payoff of the existing mortgage. A redacted copy of the Form is attached hereto as Exhibit B.

16. Pursuant to the language in the Payoff Authorization Appointment, Legacy Title was authorized to act as agent of Sandholm in requesting and receiving a statement from Bell Bank of the amount necessary to pay off the mortgage in full.

17. On October 14, 2021, pursuant to the request from Legacy Title, Bell Bank sent a payoff statement to Legacy Title that attached a payoff statement for the Sandholm loan that was good through November 3, 2021 (the "Legitimate Payoff Statement").

18. A redacted copy of the Legitimate Payoff Statement is attached hereto as Exhibit C.

19. On October 21, 2021, Legacy Title sent the Legitimate Payoff Statement to E&O, to be used in making the payoff of the Sandholm loan from the October 29, 2021, closing.

20. One week later, on October 27, 2021, prior to the closing, E&O received from Legacy Title a copy of a facsimile directed to Legacy Title and purportedly issued by Bell Bank's employee Linda Elliott, attaching what purported to be an updated payoff statement for the Sandholm loan (the "Fake Payoff Statement").. A redacted copy of the Fake Payoff Statement purportedly sent by Bell Bank to Legacy Title is attached hereto as Exhibit D. Bell Bank later informed the parties that the October 27, 2021, payoff statement was fake and fraudulent.

21. Carolyn Cosentino, closer for Legacy Title, sent the Fake Payoff Statement to Corrina Bouthilet of E&O by email. In that email, Cosentino directed E&O to "use the attached Payoff for the closing on Friday. Figure has not changed, Lender has updated banking info and payment method

changed." A copy of the October 27, 2021, email from Legacy Title to E&O is attached hereto as Exhibit E.

22. E&O followed the instructions of Carolyn Cosentino of Legacy Title in her October 27, 2021 email and made payment to Bell Bank based on the Fake Payoff Statement that Cosentino had sent to E&O. E&O delivered the sum of $324,824.74 to the account listed on the Fake Payoff Statement, by a wire transfer made on October 29, 2021 from E&O's trust account at Citizens State Bank.

23. Thereafter, on November 4, 2021, E&O received an email from Legacy Title informing it that Bell Bank was reporting it had not received the payoff from the closing on the 29th and requested verification of the payment sent by E&O.

24. In response, E&O informed Legacy Title that the wire transfer had been sent pursuant to its explicit instructions on Friday, October 29, and attached an email confirmation of the wire from Citizens State Bank as well as outgoing wire activity from its trust account online banking.

25. When the funds had not been credited by Bell Bank to the correct account number, it was determined the Fake Payoff Statement that Legacy Title received and delivered to E&O directed that the loan payoff be made to a bank account that was not the correct account for payoff of a mortgage loan held by Bell Bank, and that the holder of the account to which the money was sent had withdrawn the money from that account before E&O was informed of the fraud..

26. Upon learning of the fraudulent payment instructions and subsequent payment, E&O worked with its escrow account holding bank, Citizens State Bank, to attempt to retrieve the funds, but was unsuccessful.

27. The fraud conducted by a person unknown to E&O in the delivery of the Fake Payoff Statement, and the payment of Mr. Sandholm's money to the fraudster's bank account identified in the Fake Payoff Statement, caused loss and damage to Mr. Sandholm in an amount at least equal to the amount wired to the fraudster's bank account.

28. Mr. Sandholm made demand on Bell Bank, Legacy Title and E&O to indemnify him and make him whole for the fraud that had been worked on him due to the failure of Bell Bank and Legacy Title to prevent or detect the fraud.

29. Bell Bank and Legacy Title both refused to reimburse Mr. Sandholm in any amount due to the fraud worked on him that they had failed to prevent or detect.

30. E&O and WILMIC recognized the harm to Mr. Sandholm, and together made him whole. In exchange, Mr. Sandholm assigned his rights against Bell Bank and Legacy Title to E&O and WILMIC, and acknowledged by written agreement that they have become subrogated to his rights.

## COUNT I
## NEGLIGENCE OF LEGACY TITLE AND BELL BANK

31. Plaintiffs reallege and incorporate, as if fully set forth herein, the allegations of paragraphs 1 through 26 of this complaint.

32. Bell Bank had a duty to provide accurate payoff information for the Sandholm loan to all parties, and to implement security procedures that would prevent the issuance of falsified payoff statements for loans held by Bell Bank, including the Sandholm loan. Bell Bank also had a duty to adopt security measures that would prevent an unauthorized person from hacking into its email account server to review emails concerning pending payoff requests for transactions that were about to close, including the names of those parties and their email addresses.

33. Legacy Title owed a duty to Sandholm and his agents to review payoff statements delivered to it by facsimile in order to verify that such payoff statements are accurate and not falsified.

34. On information and belief, the fraudster who received the Sandholm money hacked into the email account server for Bell Bank or Legacy Title, or both (or otherwise gained the relevant information), and thereby learned that there was a pending sale of real estate in which the Sandholm loan with Bell Bank would shortly be paid off. The fraudster also learned the names

and email addresses of the persons who had communicated about the loan payoff, the Sandholm loan number and the address of the Sandholm property, and obtained a copy of the Legitimate Payoff Statement. This information allowed the fraudster to alter the Legitimate Payoff Statement to insert the fraudster's bank account information, and to send the Fake Payoff Statement to Legacy Title, impersonating Linda Elliott of Bell Bank.

35. Legacy Title failed to implement proper security procedures that would prevent the hacking of its email account, and also to prevent a fraudster from delivering a fake payoff statement or wiring instructions to Legacy Title. In addition, Legacy Title failed to review the Fake Payoff Statement to ensure that it was legitimate and accurate and contained wiring instructions for a legitimate bank account. Further, and Legacy Title affirmatively instructed E&O to disregard the Legitimate Payoff Statement and instead make the Sandholm loan payoff to the fraudster's account identified in the Fake Payoff Statement.

36. Legacy Title was negligent in its review of the Fake Payoff Statement, and its instruction to E&O to make payment based on the Fake Payoff Statement rather than the Legitimate Payoff Statement.

37. As a result of defendants' negligence, E&O wired $324,824.74 to a bank account in the name of the fraudster.

38. In addition, both Bell Bank and Legacy Title were negligent in failing to detect the fraud in a timely fashion, which allowed the fraudster to withdraw all of the money from his or her account before Sandholm or E&O had been informed that the fraud had been conducted. Despite E&O's best efforts, E&O was unable to reverse the transfer upon learning of the defendants' negligence.

## COUNT II
## VIOLATION OF UCC BY BELL BANK

39. Plaintiffs reallege and incorporate, as if fully set forth herein, the allegations of paragraphs 1 through 38 of this complaint.

40. Pursuant to Wis. Stat §§410.201 and 410.205, Bell Bank had a duty to ensure it had proper security measures in place regarding wire transfers in order to verify the authenticity of payment instructions/orders that were commercially reasonable.

41. Bell Bank failed to verify the authenticity of the subject pay off statement prior to it being sent to Legacy, resulting in Legacy sending the incorrect information to E&O, without Legacy verifying the information, and E&O wiring the pay-off funds to the account provided in Bell Bank's pay off statement, which was ultimately determined to be a fraudulent account.

42. Upon information and belief, Bell Bank either had actual knowledge or should have been aware of the discrepancies in the subject wire transfer instructions prior to sending the instructions to Legacy.

43. Bell Bank failed to implement proper security measures to verify the authenticity of the wire transfer that were commercially reasonable prior to sending the information to Legacy and ultimately to E&O.

44. As a result of Bell Bank's violations of the UCC, plaintiffs have been damaged by having to re-pay the amount improperly deposited by Bell Bank into a fraudulent account.

## COUNT III
## BREACH OF FIDUCIARY DUTY BY LEGACY TITLE

45. Plaintiffs reallege and incorporate, as if fully set forth herein, the allegations of paragraphs 1 through 44 of this complaint.

46. Defendant Legacy Title owed plaintiffs a fiduciary duty, having exclusive and sole authority by the Sandholms to obtain pay-off information from Bell Bank, to verify and ensure the pay-off information it received from Bell Bank was accurate prior to providing that information to E&O.

47. Defendant Legacy Title breached that fiduciary duty by failing to monitor its email accounts for fraudulent activity and by permitting an email to be generated and sent to E&O from purportedly the same Legacy Title employee with incorrect and fraudulent pay-off information.

48. As a result of Legacy Title's breach of duty to plaintiffs, plaintiffs have been damaged in an amount exceeding $325,000.

## COUNT IV
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

49. Plaintiffs reallege and incorporate, as if fully set forth herein, the allegations of paragraphs 1 through 48 of this complaint.

50. As a result of Bell Bank's conduct, based upon the objective facts, Bell Bank aided Legacy Title in the commission of an unlawful act, namely the breach of Legacy Title's duties to plaintiffs to provide accurate wire transfer information and to ensure the wire transfer was deposited into the correct, non-fraudulent account.

51. Upon information and belief, Bell Bank either had actual knowledge or should have had knowledge of the discrepancies in the subject wire transfer instructions and therefore consciously assisted Legacy Title in the breach of its duties to plaintiffs.

52. As a result of Bell Bank's breach, plaintiffs have been damaged by having to re-pay the amount improperly deposited by Bell Bank into a fraudulent account.

## COUNT V
## CONTRIBUTION AND/OR INDEMNITY FROM BOTH DEFENDANTS

53. Plaintiffs reallege and incorporate, as if fully set forth herein, the allegations of paragraphs 1 through 52 of this complaint.

54. Because plaintiffs were required to make a second payment to Mr. Sandholm for the payoff of his mortgage, plaintiffs are entitled to contribution and/or indemnification from defendants for its actions set forth above that proximately caused their damages.

WHEREFORE, Plaintiffs demand judgment as follows:

1. Judgment in favor of plaintiffs and against defendants in an amount sufficient to constitute fair and reasonable compensation for all damages sustained by plaintiffs;

2. For contribution and/or indemnification from defendants for its actions that proximately caused plaintiffs' damages injuries;

3. For costs, disbursements and attorney's fees; and

4. For such other relief as the court deems fair, just and equitable.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

Dated at Madison, Wisconsin, this 24th day of May, 2023.

                                 von BRIESEN & ROPER, s.c.
                                 *Attorneys for Plaintiffs Estreen & Ogland and Wisconsin Lawyers Mutual Insurance Company as Subrogees for Anders Sandholm*

                                 By: */s/ Michael P. Crooks*
                                       Michael P. Crooks, SBN 01008918
                                       Maria del Pizzo Sanders, SBN 1031037
                                       10 East Doty Street, Suite 900
                                       Madison, WI 53703
                                       (608) 287-3926
                                       mcrooks@vonbriesen.com

39484085_1.DOCX